IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER POMIS,<br><br>       Plaintiff,<br><br>v.<br><br><br>AMERICAN AIRLINES, INC.<br><br>       Defendant. | Case No.<br><br><br><br>**Trial by jury demanded.** |

## COMPLAINT AT LAW

COMES NOW Plaintiff, JENNIFER POMIS, through her attorneys, Case + Sedey, LLC, and for her Complaint at Law against Defendant states as follows:

### JURISDICTIONAL STATEMENT

1. Plaintiff Jennifer Pomis (hereinafter "Plaintiff") is and was at all relevant times a resident of Lake in the Hills, McHenry County, Illinois.

2. Defendant American Airlines, Inc. (hereinafter "Defendant") is a Texas corporation headquartered in Fort Worth, Texas doing business throughout the United States including but not limited to in Cook County, Illinois.

3. Jurisdiction is conferred on this Court by the above-named statute, as well as by 28 U.S.C. § 1331 and § 1367. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

4. On April 12, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission which was cross-filed with the Illinois Department of Human Rights. Attached as Exhibit A is a copy of Plaintiff's Charge.

5. On December 7, 2022, the EEOC issued Plaintiff her Notice of Right to Sue. Attached as Ex. B is a copy of that Notice.

## FACTS

6. At the time of her termination Plaintiff was fifty-eight years old and had worked for Defendant for thirty-five years, most recently as a Customer Service Manager.

7. Throughout her long tenure, Plaintiff consistently met and exceeded expectations.

8. On May 17, 2020, Plaintiff received a positive annual review and was told she would receive a raise.

9. Because of Covid-19's impact on the airline industry, in June of 2020, Defendant decided that it needed to significantly reduce its staff. For the Customer Service Group, Defendant required a 30% staff reduction.

10. Plaintiff was one of thirty-six Customer Service Managers at O'Hare Airport. Given Defendant's 30% reduction mandate, this meant that it had to eliminate seven of those managers.

11. At the time, Plaintiff was one of the most tenured customer service managers at O'Hare.

12. Two managers elected to take early retirement packages, and another was separated for an unrelated reason. This left four people that Mr. Kaplan had to select for layoff. On June 8, 2020, Mr. Kaplan told Plaintiff she had been selected for layoff. He also selected three other employees whose ages were 55, 62 and 30. The 62-year-old employee, like Plaintiff, had an

extremely long and positive career with Defendant. Many substantially younger, less experienced, and less tenured employees were retained.

13. After this, on September 21, 2020, an attorney for Plaintiff sent a letter to Defendant alleging that Plaintiff believed she was selected for termination because of her age.

14. As business resumed and operations required, Defendant began calling back some of its terminated employees. Between Plaintiff's termination and August 2021, Defendant backfilled at least seven Customer Service Manager positions at O'Hare.

15. In filling one of the open Customer Service positions, Defendant hired back the thirty-year-old customer service manager that had been laid off when Plaintiff was. This person did not have to apply or interview for the job but, instead, was just asked to return to it. This person had significantly less experience and tenure than Plaintiff.

16. Defendant did not similarly call back Plaintiff or the other two older customer service managers it had laid off, even though positions continued to open.

17. Plaintiff applied for several positions with Defendant yet was also not hired back for those.

## COUNT I
## DISCRIMINATION IN VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT

18. Plaintiff incorporates paragraphs 1-17 as though fully stated herein.

19. Plaintiff was entitled to the protections of the ADEA in that she was 58 years old at the time of her termination.

20. Defendant discriminated against Plaintiff based on her age by selecting her for layoff instead of substantially younger less experienced and less tenured employees. Defendant

also chose to rehire substantially younger less experienced employees while refusing to do the same for Plaintiff and her older counterparts.

21. As a result of this discriminatory treatment, Plaintiff has suffered and continues to suffer lost wages and benefits.

WHEREFORE, Plaintiff respectfully requests that this Court award her lost wages and benefits as well as liquidated damages and attorneys' fees incurred in bringing this Action.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF
## THE ILLINOIS HUMAN RIGHTS ACT

22. Plaintiff incorporates paragraphs 1-17 as though fully stated herein.

23. Plaintiff was entitled to the protections of the Illinois Human Rights Act in that she was 58 years old at the time of her termination.

24. Defendant discriminated against Plaintiff based on her age by selecting her for layoff instead of substantially younger less experienced and less tenured employees. Defendant also chose to rehire substantially younger less experienced employees while refusing to do the same for Plaintiff and her older counterparts.

25. As a result of this discriminatory treatment, Plaintiff has suffered and continues to suffer lost wages and benefits.

WHEREFORE, Plaintiff respectfully requests that this Court award her lost wages and benefits as well as compensatory damages and attorneys' fees incurred in bringing this Action.

## COUNT III
## RETALIATION IN VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT

26. Plaintiff incorporates paragraphs 1- 17 as though fully set forth herein.

27. Plaintiff engaged in protected conduct when her attorney sent a letter to Defendant complaining of age discrimination.

28. After engaging in this protected conduct, Defendant refused to rehire Plaintiff while electing to rehire several other employees who had not similarly engaged in protected conduct.

29. As a result of this retaliation, Plaintiff has suffered and will continue to suffer lost wages and benefits as well as emotional distress damages.

WHEREFORE, Plaintiff respectfully requests that this Court award her lost wages and benefits as well as liquidated damages and attorneys' fees incurred in bringing this Action.

## COUNT IV
## RETALIATION IN VIOLATION OF
## THE ILLINOIS HUMAN RIGHTS ACT

30. Plaintiff incorporates paragraphs 1- 17 as though fully set forth herein.

31. Plaintiff engaged in protected conduct when her attorney sent a letter to Defendant complaining of age discrimination.

32. After engaging in this protected conduct, Defendant refused to rehire Plaintiff while electing to rehire several other employees who had not similarly engaged in protected conduct.

33. As a result of this retaliation, Plaintiff has suffered and will continue to suffer lost wages and benefits as well as emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Court award her lost wages and benefits as well as compensatory damages and attorneys' fees incurred in bringing this Action.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues herein.

                                      Respectfully Submitted,

                                      JENNIFER POMIS

                             By:   /s/*Kristin M. Case*
                                      One of Plaintiff's Attorneys

Kristin M. Case
Kate Sedey
Case + Sedey, LLC
250 South Wacker Dr., Ste. 230
Chicago, Illinois 60606
Tel. (312) 920-0400
Fax (312) 920-0800
Attorney No. 64366